**Beni F. PAYNE, Plaintiff,**

v.

**FMC CORPORATION, Defendant.**

**Civ. A. No. 84–2063.**

United States District Court,
S.D. West Virginia,
Charleston Division.

May 21, 1985.

Douglas Miller, Charleston, W. Va., for plaintiff.

Charles Q. Gage, Jackson, Kelly, Holt & O'Farrell, Charleston, W. Va., for defendant.

## ORDER

HADEN, Chief Judge.

At the trial held April 2, 1985, at the close of the Plaintiff's case, the Defendant moved for involuntary dismissal pursuant to *Rule* 41(b), Federal Rules of Civil Procedure, on the grounds that the Plaintiff had failed to produce evidence establishing a prima facie case of discrimination under Title VII, 42 U.S.C. § 2000e, *et seq.* The Court in considering this motion finds that the Plaintiff has produced evidence showing the following:

The Plaintiff Beni Payne has been employed by the Defendant FMC Corporation for a period of 11½ years, and he continues to be so employed. At times relevant to the charge upon which this action is founded, Payne worked in the hydrogen peroxide laboratory. In September, 1981, the Plaintiff became involved in an argument with a nonsupervisory coworker. As a result of this dispute FMC required the Plaintiff to take a 2½ month, paid leave for counseling regarding Payne's asserted emotional problems. FMC's September, 1981, actions with respect to Payne became the subject matter of a different charge than that presented here, and this charge was presented to the West Virginia Human Rights Commission. That agency determined the cause adversely to Payne and Payne did not pursue this claim beyond that agency's determination. The Plaintiff showed that coemployee Daniel Gilreath, who also worked in the peroxide laboratory, was progressed to a Grade 10—a pay scale level—in the fall of 1982. By Payne's assessment, Gilreath lacked sufficient experience in "wet chemistry" and did not work in the peroxide laboratory as long as Payne himself had worked there. The relevance of the time in the peroxide laboratory and the expertise with wet chemistry is not apparent. Gilreath is a white man. Payne is a black man. Payne was not progressed to a Grade 10 in December of 1982. This failure to progress forms the basis of the charge prosecuted before this Court.

Payne put on no evidence of statements or conduct of supervisory personnel, or nonsupervisory personnel, which would directly infer race-based animus. Accordingly, the direct approach of establishing a prima facie case of discrimination under *U.S. Postal Service v. Aikens*, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983) does not apply here.

The evidence adduced further fails to show disparate impact theory under *Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971).

The theory asserted by the Plaintiff is under the proof scheme of *McDonnell-Douglas Corp. v. Greene*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). In order to establish a prima facie case under *McDonnell-Douglas*, the Plaintiff must show in this context: (1) that he is a member of a protected class; (2) that he applied for an advancement; (3) that he was rejected for an advancement; and (4) that the advancement was offered to a person who was not in the protected class and who was less qualified than the protected applicant. *McDonnell-Douglas*, 411 U.S. at 802-03, 93 S.Ct. at 1824-25; *Cuthbertson v. Biggers Brothers, Inc.*, 702 F.2d 454, 458 (4th Cir.1983); *Page v. Bolger*, 645 F.2d 227, 229-30 (4th Cir.1981). This proof scheme has been held applicable to promotion cases. *Bundy v. Jackson*, 641 F.2d 934, 951 (D.C.Cir.1981).

The Court experiences some difficulty in the application of this proof scheme to this case for the reason that Gilreath and Payne were apparently considered separately for their respective progressions. The evidence suggests that both Gilreath and Payne could have been progressed and both could have been denied the progression just as well as one granted and one denied the progression. It is not evident that FMC made a choice to progress one over the other.

For the purposes of *McDonnell-Douglas*, the Plaintiff has shown that he was a member of a protected class; to-wit, that he is a

black man. Subject to the Court's reservations already stated, it could be inferred that Payne applied and was unfavorably considered for a progression or increase in salary. It is also apparent that another person was considered favorably for a progression, although independently of Payne rather than in the alternative to Payne, and this person was not of a protected class.

The Plaintiff's evidence fails most notably on the issue of qualifications. Other than Payne's own analysis of his qualifications and Payne's perception of two deficiencies of Gilreath's qualifications, the Court is left with qualifications evidence deficient in at least two respects. First, no basis for meaningful comparison is found between Payne and Gilreath. Second, no indication of the relevance of the qualifications addressed have been established. As a result, the Court is left with merely disparate treatment without more. A showing of simple disparate treatment is not sufficient to make out a prima facie case of discrimination actionable under Title VII. *Bazemor v. Friday*, 751 F.2d 662, 670 (4th Cir.1984).

Accordingly, the Defendant's *Rule* 41(b) motion is granted and judgment shall be entered in favor of the Defendant.